IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1532-02






CHERYL STRINGER PIERCE, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY






 Keasler, J., delivered the opinion of the Court in which Meyers, Price, Womack,
Johnson, Hervey, Holcomb, and Cochran, J.J., joined. Keller, P.J., concurred in the
judgment.


O P I N I O N 



 The Court of Appeals neglected to address the validity of Cheryl Pierce's argument
because, relying on some dicta in our previous opinion, it concluded that we had already
resolved the issue. We must decide whether dicta can resolve a disputed legal issue in a case. 
We conclude that it cannot.


Facts


 We previously set forth the facts of this case as follows:

 Deputy Sheriff Miller was driving on a four-lane highway in Dallas when he saw
[Pierce's] vehicle overtake him in the left lane and swerve in front of him in the
right lane. He was forced to apply his brakes to avoid [Pierce's] vehicle. He
pursued [Pierce] and she pulled her vehicle to the side of the road. Deputy
Miller approached [Pierce] and smelled alcohol. About that time Dallas Police
Officer Topp, who was passing by, offered assistance. He administered some
sobriety tests and arrested [Pierce].


 The unusual feature of this case is that Miller was a deputy of the Sheriff of
Bosque County. He had gone to Dallas on a training exercise, and was returning
home when he encountered [Pierce]. (1)

Procedural History


 Pierce was indicted for driving while intoxicated. She filed a motion to suppress
arguing that her arrest was illegal. The trial court denied the motion. Pierce was then tried
before a jury. The judge instructed the jury that it should disregard any evidence related to the
arrest if it found the arrest to be illegal. The jury found Pierce guilty of driving while
intoxicated and the judge sentenced her 180 days in jail and a $500 fine.

 Pierce appealed, arguing among other things that the trial court erred in denying her
motion to suppress. The Court of Appeals held that "the jury's implied finding supplant[ed] the
trial court's denial of the motion" and that, since Pierce did not complain of the jury's
consideration of the evidence, she presented "nothing for review." (2) 

 We granted Pierce's petition for discretionary review and reversed the Court of
Appeals. We held that "[w]hen a trial court has denied a motion to suppress evidence, the
verdict of guilty from a jury that was charged to disregard illegally obtained evidence does not
prevent the defendant from appealing the court's ruling." (3) We recognized that "[t]his was the
procedure followed in another case" and we stated that this procedure "should be followed in
this case." (4) We remanded the case to the Court of Appeals "for further consideration
consistent with this opinion." (5)

 On remand, the Court of Appeals said that, in our opinion, we had "determined" that "the
evidence was undisputed" that Miller stopped Pierce for traffic violations. (6) The appellate court
said it was "bound" by our "decision" in that regard. (7) It concluded that "the sole issue" before
it was "whether an out-of-county deputy sheriff could legally stop or detain [Pierce] for a
traffic violation." (8) And since it believed that we had already "determined that Miller stopped
[Pierce] solely for traffic violations," it was left to conclude that "the trial court erred in
denying her motion to suppress." (9)

 We granted the State's petition for discretionary review to decide whether the Court
of Appeals erred in its interpretation of our previous opinion. We agree with the State that the
Court of Appeals erred, and we remand the case once again.

Analysis


 In our previous opinion, the issue before us was whether "a trial judge's ruling on an
objection to illegally-obtained evidence [is] rendered moot by a guilty verdict from a jury that
was instructed to disregard illegally-obtained evidence." (10) We did not purport to address the
validity of the stop or the arrest. 

 The Court of Appeals concluded that we had resolved that issue based on some language
we used in explaining why the jury's role is to "be a backup protection against erroneous
judicial rulings . . ., not to supplant them." (11) In providing an "illustration" of that concept, we
elaborated on the facts of the case and said that "the only offense for which Miller legally
could have arrested [Pierce] was driving while intoxicated" and that "Miller had no evidence
that [Pierce] was intoxicated." As the State points out, this language was dicta, unnecessary to
the resolution of the issue before us. (12) The Court of Appeals erred in relying upon it and
concluding that we had already resolved the issue of the validity of Pierce's arrest.

Conclusion


 The legality of Pierce's arrest and the ensuing correctness of the trial court's ruling on
the suppression motion remain unresolved. We remand this case to the Court of Appeals to
decide those issues, which are presented in Pierce's first point of error.


DATE DELIVERED: October 8, 2003

DO NOT PUBLISH

 
1. Pierce v. State, 32 S.W.3d 247, 248 (Tex. Crim. App. 2000) (Pierce II).
2. Pierce v. State, 1999 WL 956301, No. 05-95-00725-CR, 1999 Tex. App. LEXIS
7775, * 8 (Tex. App. - Dallas, October 18, 1999) (not designated for publication) (Pierce I).
3. Pierce II, 32 S.W.3d at 253.
4. Id.
5. Id.
6. Pierce v. State, 2002 Tex. App. LEXIS 5195, * 3 (Tex. App. - Dallas, July 24, 2002)
(not designated for publication) (Pierce III).
7. Id.
8. Id.
9. Id. at * 4.
10. Pierce II, 32 S.W.3d at 248.
11. Id. at 253 (internal quotation marks omitted).
12. See Brabson v. State, 976 S.W.2d 182, 186 (Tex. Crim. App. 1998).