NO. 07-06-0095-CR


 NO. 07-06-0096-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 12, 2006


______________________________



JACKIE KAY RIGDON, 



 Appellant

v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NOS. 17,485-A & 17,486-A; HON. HAL MINER, PRESIDING


_______________________________





Order of Dismissal


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant, Jackie Kay Rigdon, appeals his convictions for theft over $20,000 but
less than $100,000 in cause number 17,485-A and for evading detention in cause number
17,486-A. The certifications of appeal executed by the trial court disclose that appellant
does not have a right to appeal in either case due to his waiver of same as part of a plea
bargain. The trial court having so certified, we must dismiss the appeals. See Tex. R. App.
P. 25.2(d) (requiring that the appeal be dismissed if a certification that shows that the
defendant has a right to appeal has not been made part of the record).

 Accordingly, these appeals are dismissed. 


 Brian Quinn 

 Chief Justice


 

Do not publish.




























 


 Following a jury trial, appellant was convicted of possession of a controlled
substance and sentenced to two years confinement in a state jail facility. By one issue,
appellant contends that the trial court erred in refusing to submit a jury instruction regarding
the admission of evidence obtained in violation of state or federal laws. Appellant
contends the trial court should have included an article 38.23 instruction because the initial
detention was a violation of state law, unreasonable, and not supported by articulable facts
or rational inferences.

Law and Analysis


 No evidence obtained by an officer or other person in violation of any provisions of
the Constitution or laws of the State of Texas, or of the Constitution or laws of the United
States of America, shall be admitted in evidence against the accused on the trial of any
criminal case. Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). If the jury
believes, or has a reasonable doubt, that evidence was obtained in violation of the law, the
jury shall be instructed to disregard any such evidence so obtained. See id. An article
38.23 instruction must be included in the jury charge only if there is a factual dispute about
how the evidence was obtained. Garza v. State, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004).

 At appellant's jury trial, Ponders testified that he knocked on the window to gain
appellant's attention but that appellant did not respond appropriately. Ponders then
opened the door to appellant's vehicle to question appellant. Ponders testified that he
believed that appellant was possibly intoxicated and that he had a duty to investigate the
situation further. Upon questioning, appellant was unable to answer Ponders satisfactorily
and was eventually escorted to Stephenson's vehicle. Before being placed in the vehicle,
Stephenson testified that he frisked appellant for weapons and found drug paraphernalia. 
Stephenson further testified that he placed appellant under arrest for drug paraphernalia. 
Appellant did not contest or deny any of these facts. Instead, appellant contested the legal
significance of these facts and whether the facts, prior to Ponders opening the door, were
sufficient to support a reasonable suspicion to begin an investigatory detention.

 The first part of article 38.23(a) refers to the admissibility of the evidence. Pierce
v. State, 32 S.W.3d 247, 251 (Tex.Crim.App. 2000). The decision to exclude evidence is
a question of law and is to be decided by the trial court, who can make that determination
by a ruling of law, a finding of fact, or both. See id. Based on the record, the trial court had
previously ruled on a Motion to Suppress and made the legal conclusion that the evidence
obtained at the jail was admissible. Appellant has not contested the trial court's ruling on
his Motion to Suppress. The second sentence of article 38.23(a) speaks to the jury
instruction and, assuming the evidence has been admitted, can operate only if there is a
contested issue of fact about how the evidence was obtained. See id. As previously
stated, appellant does not contest the facts presented at trial. When the only question is
a question of law, there is no issue involving the acquisition of evidence for the jury to
review. See id. Thus, the trial court did not err in denying appellant's request for an article
38.23(a) jury instruction. We overrule appellant's issue.

Conclusion


 For the foregoing reasons, we affirm the trial court. 


 Mackey K. Hancock

 Justice


Do not publish.