NO. 07-06-0065-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 28, 2007
_____

FRANCISCO MURO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,418-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**


Appellant, Francisco Muro, Jr., appeals his conviction for the offense of possession of a controlled substance and sentence of two years confinement in a state jail facility. Appellant contends that the trial court erred in denying his request for a jury instruction in compliance with article 38.23 of the Texas Code of Criminal Procedure. We affirm.

Background

On the morning of March 16, 2005, a convenience store clerk arrived at the store to begin her preparation for opening the store. When she arrived, she observed a pickup truck parked in front of the store with a person who appeared to be passed out inside. Fearing that someone may be waiting inside the store or that someone would accost her as she opened the store, the clerk contacted the police department. The Amarillo Police Department dispatched two officers to the scene. At the scene, Officer Ponders found the truck as described and observed appellant inside the truck twitching involuntarily. Ponders believed that appellant was exhibiting signs of intoxication and opened the truck door in order to speak with appellant. During a pat down to ensure that appellant did not have any weapons or other dangerous items, Office Stephenson discovered drug paraphernalia and, consequently, arrested appellant for possession of drug paraphernalia. A strip search of appellant at the jail led to the discovery of a white powdery substance. Chemical testing of the substance revealed the presence of methamphetamine. As a result, appellant was charged with possession of a controlled substance.

Following a jury trial, appellant was convicted of possession of a controlled substance and sentenced to two years confinement in a state jail facility. By one issue, appellant contends that the trial court erred in refusing to submit a jury instruction regarding the admission of evidence obtained in violation of state or federal laws. Appellant contends the trial court should have included an article 38.23 instruction because the initial detention was a violation of state law, unreasonable, and not supported by articulable facts or rational inferences.

<u>                                  Law and Analysis</u>

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). If the jury believes, or has a reasonable doubt, that evidence was obtained in violation of the law, the jury shall be instructed to disregard any such evidence so obtained. <u>See</u> <u>id</u>. An article 38.23 instruction must be included in the jury charge only if there is a factual dispute about how the evidence was obtained. <u>Garza v. State</u>, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004).

At appellant's jury trial, Ponders testified that he knocked on the window to gain appellant's attention but that appellant did not respond appropriately. Ponders then opened the door to appellant's vehicle to question appellant. Ponders testified that he believed that appellant was possibly intoxicated and that he had a duty to investigate the situation further. Upon questioning, appellant was unable to answer Ponders satisfactorily and was eventually escorted to Stephenson's vehicle. Before being placed in the vehicle, Stephenson testified that he frisked appellant for weapons and found drug paraphernalia. Stephenson further testified that he placed appellant under arrest for drug paraphernalia. Appellant did not contest or deny any of these facts. Instead, appellant contested the legal significance of these facts and whether the facts, prior to Ponders opening the door, were sufficient to support a reasonable suspicion to begin an investigatory detention.

3

The first part of article 38.23(a) refers to the admissibility of the evidence.  Pierce v. State, 32 S.W.3d 247, 251 (Tex.Crim.App. 2000).  The decision to exclude evidence is a question of law and is to be decided by the trial court, who can make that determination by a ruling of law, a finding of fact, or both.  See id.  Based on the record, the trial court had previously ruled on a Motion to Suppress and made the legal conclusion that the evidence obtained at the jail was admissible.  Appellant has not contested the trial court's ruling on his Motion to Suppress.  The second sentence of article 38.23(a) speaks to the jury instruction and, assuming the evidence has been admitted, can operate only if there is a contested issue of fact about how the evidence was obtained.  See id.  As previously stated, appellant does not contest the facts presented at trial.  When the only question is a question of law, there is no issue involving the acquisition of evidence for the jury to review.  See id.  Thus, the trial court did not err in denying appellant's request for an article 38.23(a)  jury instruction.  We overrule appellant's issue.

Conclusion

For the foregoing reasons, we affirm the trial court.

Mackey K. Hancock
Justice

Do not publish.

4