

**NUMBER 13-08-00251-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**FRANCIS MARK HAFNER,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

---

**On appeal from the County Court at Law No. 3
of Dallas County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

A jury found appellant, Francis Mark Hafner, guilty of one count of misdemeanor driving while intoxicated.[1] The trial court sentenced appellant to 120 days in county jail,

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003). Driving while intoxicated is a Class B misdemeanor. *Id.* § 49.04(b).

probated for eighteen months, with a $600.00 fine.[2]  By one issue, appellant contends that the trial court erred when it failed to instruct the jury pursuant to article 38.23 of the Texas Code of Criminal Procedure.[3]  We affirm.

## I. BACKGROUND

On April 30, 2006, Officer Frank Plaster of the Dallas Police Department stopped appellant for failure to maintain a single lane.[4]  Officer Plaster testified that after turning on McKinney Avenue, appellant "went into the right lane—or halfway into the right lane and halfway into the center lane, so he was straddling a lane of traffic.  And he drove like that . . . about four blocks."  The State asked if there was any construction or "anything in the roadway which would have impeded the vehicle from traveling completely in one lane or the other[.]"  Officer Plaster responded that there was no construction in the area, and he did not recall anything that would have impeded a vehicle, "especially not for four blocks."  Officer Plaster stated that there were no impediments on the right lane or the center lane preventing appellant from driving in those lanes completely.  According to Officer Plaster, it was not safe for a vehicle to drive in two lanes at once because this may have confused another driver in another lane.  He stated, "You know, someone pulling out would not know what lane he was in or which lane he was taking.  Especially—since we're talking about four blocks, we're not talking about just momentarily weaving into another lane.  We're talking about straddling two lanes for four blocks. . . . "  Officer Plaster testified that both lanes were clearly marked.  Officer Plaster agreed that he would not pull

---

[2] *See id.* § 12.22 (Vernon 2003) (providing that the punishment range for a Class B misdemeanor is up to 180 days in county jail, or a $2,000 fine, or both).

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005).

[4] *See* TEX. TRANSP. CODE ANN. § 545.060(a) (Vernon 1999).

someone over if that person momentarily drove into another lane to avoid construction or some other impediment on the road.

Officer Plaster stated that appellant then activated his turn signal, changed into the left lane, bumped into the left curb and continued driving while rubbing the curb. Officer Plaster turned on his emergency lights and initiated a traffic stop. After Officer Plaster administered field sobriety tests, he arrested appellant for the offense of driving while intoxicated.

During cross-examination of Officer Plaster, the trial court admitted defense exhibit one, which is a picture of McKinney Street showing a small construction area. The picture shows one barrel on the left lane a few feet away from the curb, and what appears to be a rectangular excavation site covered by a sign. On redirect examination, the State asked Officer Plaster if he saw anything in the picture that would have prevented a driver from "having to go from the right lane into the left lane of traffic." Officer Plaster stated, "No." Furthermore, Officer Plaster stated that he would not have stopped a person who had swerved out of the left lane to avoid the barrel.

Appellant requested that the trial court include an instruction pursuant to 38.23 of the code of criminal procedure in the jury charge.[5] The trial court denied appellant's request for the instruction. The jury found appellant guilty of driving while intoxicated and sentenced him to 120 days in county jail, probated for eighteen months, with a $600.00 fine. This appeal ensued.

## II. 38.23 JURY INSTRUCTION

By his sole issue, appellant contends that the trial court should have included an

_____

[5] *See* TEX. CODE CRIM PROC. ANN. § 38.23(a).

instruction pursuant to article 38.23 in the jury charge because the evidence raised the issue of whether the initial stop was lawful.[6]  The State argues that there was "no disputed factual issue concerning whether Officer Plaster reasonably believed, at the time he stopped appellant's vehicle, that appellant had committed the traffic offense of failure to maintain a single lane."

## A.  Applicable Law

"When a traffic violation is committed in an officer's presence, the officer has probable cause to lawfully stop and arrest or lawfully detain the violator."[7]  Pursuant to the transportation code, "[a]n operator on a roadway divided into two or more clearly marked lanes for traffic:  (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely."[8]

 Article 38.23(a) of the Code of Criminal Procedure states:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.[9]

When a fact issue exists regarding the basis for an officer's seizure of evidence, a

---

[6] *See id.*

[7] *Tyler v. State*, 161 S.W.3d 745, 748 (Tex. App.–Fort Worth 2005, no pet.).

[8] Tex. Transp. Code. Ann. § 545.060(a).

[9] Tex. Code Crim. Proc. Ann. art. 38.23(a).

defendant is entitled to a jury instruction pursuant to article 38.23(a).[10]

> In most DWI cases, this will arise when a dispute exists regarding the factual basis for the officer's stop of the defendant's car. Nevertheless, article 38.23(a) involves two inquiries: (1) the issue of whether a valid legal basis for the seizure exists, which is a question of law reserved for the trial court; and (2) the issue of whether the facts support this legal basis, which can be submitted to the jury . . . when the pertinent facts are contested. If there is no dispute regarding the factual basis for the challenged seizure, then the trial court must resolve the legal question presented and a jury instruction is inappropriate.[11]

To be entitled to a jury instruction under article 38.23, the defendant must satisfy three requirements: (1) the evidence heard by the jury raised an issue of fact; (2) the evidence on that fact was affirmatively contested; and (3) that contested factual issue is material to the lawfulness of the challenged conduct in obtaining the evidence.[12] "There must be a genuine dispute about a material fact."[13] The legality of the officer's conduct is determined by the trial judge alone, as a question of law if there is no disputed factual issue.[14]

## B. Discussion

Here, Officer Plaster stopped appellant for failure to maintain a single lane after observing appellant "straddle" two lanes—the right and center lanes of McKinney Street. Appellant drove in those two lanes for approximately four blocks. Officer Plaster stated that he would not have pulled appellant over if appellant had been avoiding construction. On cross-examination, Officer Plaster appeared to testify that he did not recall any

---

[10] *Davy v. State*, 67 S.W.3d 382, 388 (Tex. App.–Waco 2001, no pet.) (citing *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000)).

[11] *Davy*, 67 S.W.3d at 388 (internal citations omitted).

[12] *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007).

[13] *Id.*

[14] *Id.*

construction, but acknowledged that defense exhibit one depicted a construction area located on McKinney Street.

Appellant asserts that a disputed fact issue was raised by defense exhibit one. However, in order for appellant to raise a factual issue, in this case, he must have presented some affirmative evidence that there was construction blocking either the right or middle lanes—the two lanes that he "straddled."[15]  Moreover, appellant must have presented some affirmative evidence that there was construction preventing him from maintaining a single lane for the entire four blocks.[16]  The record does not contain any affirmative evidence that on the night that appellant was arrested, there was, in fact, construction in either the right or center lanes that prevented him from maintaining a single lane for the entire four blocks.  Defense exhibit one shows a small area of construction on the left lane near the curb.  There was no evidence offered that the area of construction depicted in defense exhibit one would have hindered appellant's ability to stay within either the right or center lane.  Therefore, appellant did not provide any affirmative evidence raising an issue of fact regarding whether construction prevented him from maintaining a single lane for four blocks.[17]

Appellant also appears to argue that he was entitled to a 38.23 instruction because the State did not provide evidence that his actions were unsafe.[18]  However, Officer Plaster

[15] *See Madden*, 242 S.W.3d at 513 ("To raise a disputed fact issue warranting an Article 38.23(a) jury instruction, there must be some affirmative evidence that puts the existence of that fact into question.").

[16] We note that appellant does not dispute that he failed to maintain a single lane, but instead maintains that he raised a fact issue concerning whether there was construction that prevented him from staying in his lane and whether his movement was made safely.

[17] *See Madden*, 242 S.W.3d at 511.

[18] *See Eichler v. State*, 117 S.W.3d 897, 900-02 (Tex. App.–Houston [14th Dist.] 2003, no pet.) (explaining that the State did not carry its burden of demonstrating the reasonableness of a police stop where the appellant swerved a single time into the adjacent lane traveling in the same direction, and there was no

testified that it was unsafe for appellant to "straddle" two lanes for four blocks, because there were traffic and bicyclists on the roadway, and other drivers could become confused. To be entitled to a 38.23 jury instruction, there must be a genuine dispute concerning a material fact—in this case, whether appellant's actions were unsafe.[19] Here, appellant did not offer any affirmative evidence to dispute Officer Plaster's testimony that appellant's failure to maintain a single lane was unsafe.[20]

Therefore, we conclude that the trial court properly denied appellant's request for an instruction pursuant to article 38.23 because there was no disputed fact issue regarding the legality of the traffic stop.[21] Accordingly, we overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 17th day of September, 2009.

---

evidence that the movement was unsafe or dangerous).

[19] *See Madden*, 242 S.W.3d at 510.

[20] *See id.*

[21] *See Pierce*, 32 S.W.3d at 251 ("[The second sentence of 38.23] can operate only if the trial court has admitted evidence, and only if there is a contested issue of fact about the obtaining of the evidence. This has been our holding from the earliest days of the statute, and it is our holding today. There is no issue for the jury when the question is one of law only.") (citing *Bell v. State*, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996)).

7