# NO. 12-14-00232-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FREDDIE JAMES FOREMAN,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Freddie James Foreman appeals his conviction for possession of a controlled substance.  In his sole issue on appeal, Appellant contends that the trial court erred in denying his requested jury instruction under Texas Code of Criminal Procedure Article 38.23.  We affirm.

### BACKGROUND

In 2013, Appellant and his nephew lived in a mobile home in Crockett, Texas.  Crockett Police Department officers believed that Appellant's nephew committed several burglaries and thefts.  They obtained a search warrant and executed it at the mobile home while Appellant and his nephew were present.  When the officers initially entered the residence, they did not believe that Appellant was a suspect.  However, while talking with Appellant in his bedroom prior to searching the home, the officers noticed several small baggies in plain view on the bedroom floor.  These baggies were the type commonly used for packaging small quantities of narcotics for sale.  The officers also noticed a hasp on Appellant's bedroom door, which they believed to be unusual inside a residence.  Appellant told officers that his nephew was not allowed in his room, and that there was no need to search it.

The officers searched Appellant's bedroom and quickly discovered cocaine located in a sock.  The officers told Appellant they discovered cocaine in his bedroom, and Appellant's immediate reply was to ask how much cocaine they found.  One of the officers then asked

Appellant about the baggies they discovered, and Appellant replied that the baggies held cookies he consumed. Appellant then stated that his nephew could have gone in his room without his permission, implying that the cocaine belonged to his nephew.

Appellant was arrested and indicted for possession of a controlled substance, namely cocaine, in an amount of one gram or more, but less than four grams. The punishment level was raised to that of a second degree felony because of a prior felony conviction. Appellant pleaded "not guilty" to the charged offense and "true" to the enhancement paragraph. The jury sentenced Appellant to twenty years of imprisonment and assessed a $10,000.00 fine. This appeal followed.

JURY INSTRUCTION

In his sole issue on appeal, Appellant contends that the trial court erred in denying his requested jury instruction under Texas Code of Criminal Procedure Article 38.23.

**Standard of Review and Applicable Law**

Under Article 38.23, evidence obtained in violation of the Constitution or laws of the United States or those of Texas may not be admitted in a criminal case. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). If a fact issue is raised about whether evidence was improperly obtained in this manner, the jury shall be instructed to disregard evidence that it finds was obtained in violation of the United States or Texas Constitution or laws. *See id.*

A defendant's right to the submission of an Article 38.23 jury instruction is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007) (citing *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000)). To be entitled to an Article 38.23 jury instruction, the defendant must establish that (1) the evidence heard by the jury raises an issue of fact, (2) the evidence on that fact is affirmatively contested, and (3) the contested factual issue is material to the lawfulness of the challenged conduct. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012). If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone as a question of law. *Madden*, 242 S.W.3d at 510. "The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct." *Id*. at 511.

**Discussion**

Appellant contends in his brief that the officers had no probable cause to search his bedroom, and that the officers exceeded the scope of the search warrant. Appellant did not provide

2

any analysis in his brief showing that the evidence raised an issue of material fact on these issues. However, he cited various pages of the record he believed supports his argument. At trial, he asked for an Article 38.23 instruction based on "the pictures being changed, the material being placed. That the scope was exceeded and the fact [that Appellant was not] served a search warrant under Rule 18."

The issue of whether the officers had probable cause to search his room was not a contested issue of material fact at trial. Appellant filed a pretrial motion to suppress evidence stating generally that the officers violated his state and federal constitutional rights pertaining to search and seizure, along with his rights under Texas Code of Criminal Procedure Article 38.23. However, he never obtained a ruling on the motion, and the issue was not litigated at a pretrial hearing or at the trial itself. Consequently, the issue of probable cause was not affirmatively contested, and Appellant was not entitled to an Article 38.23 instruction on that basis. *See Madden*, 242 S.W.3d at 510. Moreover, since the facts do not raise the issue of probable cause to search his room, the issue was to be decided by the trial court as a question of law. *See id.*

With regard to Appellant's remaining argument concerning the scope of the search warrant, we note that the search warrant is not in the appellate record, nor was it admitted into evidence at trial. The detective who obtained the warrant testified that the warrant directed him to search the residence at the specified address. He was not asked whether it covered the entire residence or only a portion of it. None of the testimony or other evidence raised the issue concerning the search warrant's scope. Therefore, an Article 38.23 instruction was not required on this ground. *See id.*

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 17, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 17, 2015

NO. 12-14-00232-CR

**FREDDIE JAMES FOREMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 13CR-184)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*