

In The
# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-20-00097-CR

FELIX MIGUEL RAMIREZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 12,447, Honorable Dan Mike Bird, Presiding

June 29, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Felix Miguel Ramirez, appeals his conviction for possession of a controlled substance (methamphetamine) in an amount of one gram or more but less than four grams. He presents seven issues by his appeal. We affirm the judgment of the trial court.

Factual and Procedural Background

On February 7, 2019, Vernon Police Officer Quinton Hall observed a vehicle pull up to an intersection and only then activate its turn signal. Because the driver of the

vehicle failed to signal his intent to turn by using his turn signal at least 100 feet prior to the intersection, Hall initiated a traffic stop of the vehicle. As Hall approached the vehicle, he noticed the driver moving in a manner consistent with him either trying to hide or retrieve something. As a result, Hall ordered the driver to exit the vehicle, but the driver did not comply. Hall eventually ordered the driver to step out of the vehicle two more times to no avail. The driver's "aggressive demeanor" led Hall to call for backup. When Detective Noah Hernandez arrived, the driver finally exited the vehicle. The driver was identified as appellant.

After appellant exited the vehicle, Hall patted him down for weapons. In conducting the search, Hall felt what he knew from his training and experience to be a pipe in appellant's pocket. Hall then asked appellant what was in his pocket. Appellant stated that it was "a bowl." Hall then asked appellant for what purpose he used the bowl and appellant said he used it to smoke "meth." At this point, Hall placed appellant in handcuffs and retrieved the pipe from appellant's pocket. A subsequent search of the vehicle uncovered a small electronic scale and some empty baggies. A full search of appellant uncovered $648 and a small baggie containing a crystal-like substance that was later determined to be methamphetamine. Appellant was then placed under arrest and transported to the Wilbarger County Jail. At no point prior to appellant's formal arrest was he given *Miranda*[1] or statutorily required warnings.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 478-79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Appellant was indicted for possession of a controlled substance in an amount of one gram or more but less than four grams.[2]  Prior to trial, appellant filed a motion to suppress all evidence that was acquired at the February 7 traffic stop.  After holding a hearing on the motion at which Hall testified, the trial court ruled that all evidence up to the point when appellant was placed in handcuffs, including statements made by appellant, was properly obtained and, therefore, admissible.

At trial, Hall testified to the events as identified above.  Appellant timely objected to the admission of any statements he made concerning the pipe and to the physical evidence obtained from appellant's person and vehicle.  Janet Leahridge, a forensic scientist for the Texas Department of Public Safety, testified that the crystal substance that had been found on appellant's person is methamphetamine in an amount of 1.09 grams, plus or minus .05 grams.  After the trial, the jury returned a verdict finding appellant guilty as alleged in the indictment.  After a hearing on punishment, the jury found the enhancement allegation true and sentenced appellant to twelve years' incarceration and a fine of $7,500.  Appellant timely appealed the resulting judgment.

Appellant presents seven issues by his appeal.  His first two issues allege that there is no evidence and legally insufficient evidence that appellant intentionally or knowingly possessed a controlled substance as alleged in the indictment.  By his third issue, appellant contends that the trial court erred by refusing to submit the requested jury charge that evidence obtained in violation of the law shall not be considered.  By his fourth through seventh issues, appellant contends that the trial court erred and violated

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2017).  The State also sought to enhance the applicable punishment range on the basis of appellant's prior felony conviction for aggravated sexual assault.  *See* TEX. PENAL CODE ANN. § 12.42(a) (West 2019).

his due process rights by denying his motion to suppress and admitting appellant's custodial statements made before he was given his *Miranda* or statutorily required warnings.

<u>Issues One and Two</u>: Sufficiency of the Evidence

Appellant's first two issues challenge the sufficiency of the evidence to establish that he intentionally or knowingly possessed a controlled substance in an amount of one or more grams but less than four grams.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (Cochran, J., concurring). We are mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906-07 n.26. "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899. In our review, we must evaluate all the evidence in the record,

4

both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *see Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013) (considering all admitted evidence includes admissible and inadmissible evidence found in the record). We measure the sufficiency of the evidence against the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

In the present case, the evidence establishes that appellant was found with methamphetamine and a pipe, which he said he used to smoke "meth," on his person. Leahridge testified that the substance was methamphetamine and that it weighed 1.09 grams. This evidence is sufficient to allow a rational jury to conclude that appellant knowingly or intentionally possessed methamphetamine in an amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115; *Jackson*, 443 U.S. at 319.

Appellant argues that the evidence establishing his possession of the methamphetamine was "illegally obtained and, therefore, not admissible." Because this evidence was "not admissible," it constitutes "no evidence of possession." However, our review of the sufficiency of the evidence requires that we review all of the record evidence, including evidence that was properly or improperly admitted. *Jenkins*, 493 S.W.3d at 599; *Winfrey*, 393 S.W.3d at 767. Thus, even were we to agree with appellant that this evidence was improperly admitted, we would conclude that the evidence is sufficient.

Finding the evidence sufficient to support appellant's conviction, we overrule appellant's first two issues.

5

<u>Issue Three</u>: Instruction Under Texas Code of Criminal Procedure Article 38.23

By his third issue, appellant contends that the trial court erred by refusing to charge the jury, in accordance with article 38.23 of the Texas Code of Criminal Procedure, that no evidence obtained in violation of law be admitted in evidence against the accused.

Article 38.23 provides that evidence obtained in violation of law shall not be admitted in a criminal case. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2018). To be entitled to a jury instruction under article 38.23, three predicates must be met: (1) the evidence presented to the jury must raise an issue of fact, (2) the evidence on that fact must be affirmatively contested, and (3) the contested factual issue must be material to the lawfulness of the challenged conduct. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (citing *Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008)). A jury instruction under article 38.23 is appropriate "only if there is a contested issue of fact about the obtaining of the evidence. . . . There is no issue for the jury when the question is one of law only." *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000) (en banc); *see also Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007) ("If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law."). To raise a disputed fact issue warranting an article 38.23 jury instruction, "there must be some affirmative evidence that puts the existence of that fact into question. In this context, a cross-examiner's questions do not create a conflict in the evidence, although the witnesses' answers . . . might." *Madden*, 242 S.W.3d at 513.

In the present case, the State offered the testimony of Officer Hall that he witnessed appellant come to a stop at an intersection before activating his turn signal and

6

that this is a traffic violation. The traffic violation was also evidenced by Hall's dash-cam video, which was admitted into evidence. Appellant asked Hall questions during cross-examination meant to challenge whether appellant actually committed the traffic violation, but Hall's responses were consistent that he witnessed appellant commit the traffic infraction. Consequently, there was no contested issue of fact regarding the explanation Hall provided for effectuating the traffic stop.

Further, to the extent that appellant requested the article 38.23 instruction on the basis of the admission of the methamphetamine or the statements made by appellant during the detention, appellant does not identify any contested issues of fact raised by the evidence. Rather, appellant argues that "the jury was deprived of the opportunity to find the evidence was illegally obtained and, therefore, not admissible." In other words, appellant is complaining that the denial of his requested instruction deprived the jury of the opportunity to make the legal determination regarding whether the evidence was lawfully obtained.

Concluding that the evidence did not raise a material, contested fact issue, we overrule appellant's third issue.

Issues Four through Seven: Statements of Appellant

Appellant's fourth through seventh issues contend that the trial court erred in denying appellant's motion to suppress and admitting appellant's statements that were made before any *Miranda* or statutorily required warnings were given to him.

In *Miranda*, the U.S. Supreme Court held that law enforcement must inform a suspect who has been placed in custody of certain rights, including the right to remain

silent and that statements made to police may be used against him in a subsequent criminal trial. 384 U.S. at 478-79. In Texas, our law also requires that a suspect be warned of his rights before custodial interrogation. TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2018). Any statement made as the result of custodial interrogation that was made prior to the giving of these warnings is not admissible in a subsequent trial. *Id.* § 3; *Miranda*, 384 U.S. at 479. Both warnings are required only when the suspect is subject to questioning while in custody. *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).

Courts make the determination of whether a suspect was in custody on a case-by-case basis looking at the totality of the circumstances. *Crain v. State*, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010); *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). Generally, a routine traffic stop does not place a person in custody necessitating the warnings. *Ortiz*, 382 S.W.3d at 372. However, a traffic stop can escalate from a non-custodial detention into custody when a formal arrest is made or when the suspect's freedom of movement is restrained to the degree associated with a formal arrest. *Id.* We determine whether a suspect was in custody by resolving the question of whether a reasonable person would perceive the detention to be a restraint on his movement comparable to formal arrest given all the objective circumstances. *Id.* This determination is based only on the objective factors surrounding the detention; the subjective beliefs of the detaining officer are not relevant in making the assessment unless he articulated his beliefs to the suspect. *Id.* at 372-73.

In the present case, Officer Hall detained appellant for a traffic violation. Upon approaching appellant's vehicle, Hall observed appellant appearing to be attempting to either hide or retrieve something. For officer safety, Hall ordered appellant to exit the

8

vehicle so Hall could perform a pat-down search of appellant for weapons. *See Ferguson v. State*, No. 02-19-00141-CR, 2010 Tex. App. LEXIS 3809, at *6 (Tex. App.—Fort Worth May 20, 2010, no pet.) (mem. op., not designated for publication) (per curiam) (citing *Terry v. Ohio*, 392 U.S. 1, 21, 27, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), and *O'Hara v. State*, 27 S.W.3d 548, 550 (Tex. Crim. App. 2000), for the proposition that, "[o]nce an officer has stopped a person, he may conduct a pat-down search for weapons to maintain officer safety if he is justified in believing the person might be armed."). During the pat-down search, Hall felt what he believed, based on his training and experience, to be a "pipe." Hall then asked appellant what was in his pocket and appellant said that it was a "bowl." In response to Hall asking appellant what he used the bowl for, appellant stated that he used it to smoke "meth." At this point, appellant was handcuffed and placed under formal arrest.

Considering the totality of the circumstances, we conclude that the trial court's denial of appellant's motion to suppress and admission of statements made by appellant without *Miranda* and statutorily required warnings was not error and did not violate appellant's due process rights. Hall's stop of appellant was a typical traffic stop that did not place appellant in custody. *See Ortiz*, 382 S.W.3d at 372. Hall's order that appellant get out of his vehicle and pat-down search were justified for officer safety after Hall observed appellant reaching to either hide or retrieve something. *See Ferguson*, 2010 Tex. App. LEXIS 3809, at *6. After feeling something that Hall believed to be a pipe, he asked appellant what was in his pocket. We conclude that appellant's response that it was a "bowl" that he used to smoke "meth" was not a statement that was the result of a custodial interrogation because, at the time he made this statement, there was not yet probable cause to arrest him for possession of a controlled substance. *See Ivery v. State*,

9

No. 14-02-00337-CR, 2003 Tex. App. LEXIS 4325, at *11 (Tex. App.—Houston [14th Dist.] May 22, 2003, pet. ref'd) (mem. op.) ("We hold that the pat-down search was an investigative detention and not an arrest, and thus the appellant's statements are admissible."). We agree with the trial court that appellant was not in custody until he was placed into handcuffs. Therefore, the statements he made prior to that point in time, even though elicited by Hall's questioning, were not the result of custodial interrogation, so *Miranda* and statutory warnings were not required. *See Herrera*, 241 S.W.3d at 526.

Concluding that the statements appellant challenges on appeal were not the result of custodial interrogation, we overrule appellant's fourth through seventh issues.

Conclusion

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.