# NO. 12-08-00043-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT BURTON,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *241ST DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert Burton appeals his conviction for driving while intoxicated, subsequent offense. Appellant raises four issues on appeal. We affirm.

## BACKGROUND

Three officers from the Tyler police department were conducting an investigation on Confederate Street in Tyler, Texas at approximately 2:00 a.m. Officer Burge was taking pictures and looking for evidence while standing in the street. He was standing under a street light, and the officers had flashlights. Appellant was driving on Confederate Street and narrowly missed striking Burge with his vehicle. The other two officers at the scene were able to get Appellant's attention and have him stop his vehicle. The officers approached Appellant and observed that he smelled of alcohol and his eyes were bloodshot. The officers talked to Appellant about his level of intoxication, had Appellant perform tests to determine whether he was intoxicated, and eventually arrested Appellant for driving while intoxicated.

Appellant was indicted for the felony offense of driving while intoxicated, subsequent offense. Before the trial, Appellant filed a motion to suppress evidence alleging that the officers

unlawfully detained him. The trial court carried the motion until after the testimony of Sergeant Connie Castle, the State's first witness at trial. Appellant reurged his motion following Castle's testimony, and the trial court overruled it. The jury convicted Appellant of driving while intoxicated with two prior offenses. Following a trial on punishment, the jury found that Appellant had two previous convictions for felony offenses and assessed punishment at ninety–nine years of imprisonment. This appeal followed.

## MOTION TO SUPPRESS

In his second issue, Appellant contends that the trial court should have granted his motion to suppress because Sergeant Castle's stop of his vehicle was illegal. Specifically, Appellant argues that the stop of his vehicle was not justified because the officer did not have a reasonable suspicion that Appellant had committed or was committing a crime.

### Standard of Review

In reviewing the trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *See Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give almost total deference to the trial court's determination of historical facts, while conducting a de novo review of the trial court's application of the law to those facts. *See id*. The trial court is the exclusive finder of fact in a motion to suppress hearing and may choose to believe or disbelieve any or all of any witness's testimony. *See Romero v. State*, 800 S.W.2d 539, 544 (Tex. Crim. App. 1990). The trial court's ruling will be sustained if it is correct on any theory of law applicable to the case. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

### Applicable Law

Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968). Such an investigative detention is permissible when the detaining officer has specific, articulable facts that, taken together with rational inferences from those facts, create a reasonable suspicion that the person detained is, has been, or soon will be engaged in criminal activity. *See Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). The existence of reasonable suspicion turns on an objective assessment of the detaining

2

officer's actions in light of the facts and circumstances confronting him at the time, and not on the officer's state of mind. *See Maryland v. Macon*, 472 U.S. 463, 470–71, 105 S. Ct. 2778, 2783, 86 L. Ed. 2d 370 (1985); *Griffin v. State*, 215 S.W.3d 403, 409 (Tex. Crim. App. 2006).

**Analysis**

Sergeant Castle testified that Appellant almost drove his vehicle into Officer Burge. She also testified that she thought Appellant's actions may have been intentional and that he may have committed the crime of aggravated assault. Appellant did not contest this evidence. Instead, Appellant claimed that it would not have been a crime, even if his vehicle had struck Burge, because Burge was in the path of traffic and would have been the one at fault if a collision had occurred.

This argument misperceives the nature of reasonable suspicion. Whether Appellant would have been guilty of an offense if he had struck Burge is a different question from whether reasonable suspicion existed. Reasonable suspicion exists when an officer has specific, articulable facts that, taken together with rational inferences from those facts, would lead him to reasonably conclude that a person has engaged or is about to engage in criminal activity. *Brother*, 166 S.W.3d at 257. Under this standard, Castle acquired reasonable suspicion when she saw Appellant's vehicle almost strike Burge. Therefore, Castle acted lawfully when she stopped Appellant's vehicle, and the trial court did not err when it overruled Appellant's motion to suppress. We overrule Appellant's second issue.[1]

## JURY CHARGE

In his fourth issue, Appellant complains that the trial court erroneously rejected his request to instruct the jury that it should disregard any illegally obtained evidence.

**Applicable Law**

No evidence obtained in violation of the constitutions or laws of the United States or the state of Texas is admissible in a criminal trial. TEX. CODE. CRIM. PROC. ANN. art 38.23(a) (Vernon 2005). When there is a question as to whether evidence was illegally obtained, the jury must be instructed

---

[1] Because reasonable suspicion provided a lawful basis for the stop, we do not reach Appellant's first issue—whether Sergeant Castle had probable cause to stop Appellant—or Appellant's third issue—whether Appellant was harmed by the trial court's denial of the motion to suppress. *See* TEX. R. APP. P. 47.1.

that they are to disregard such evidence if they believe, or have a reasonable doubt as to whether, the evidence was obtained illegally. *Id*.

A defendant's right to the submission of jury instructions under article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007) (citing *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000)).

> The terms of the statute are mandatory, and when an issue of fact is raised, a defendant has a statutory right to have the jury charged accordingly. The only question is whether under the facts of a particular case an issue has been raised by the evidence so as to require a jury instruction. Where no issue is raised by the evidence, the trial court acts properly in refusing a request to charge the jury.

*Madden*, 242 S.W.3d at 510 (quoting *Murphy v. State*, 640 S.W.2d 297, 299 (Tex. Crim. App. 1982)).

A defendant must meet three requirements before he is entitled to the submission of a jury instruction under article 38.23(a):

(1)    The evidence heard by the jury must raise an issue of fact;

(2)    The evidence on that fact must be affirmatively contested; and

(3)    That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

*Madden*, 242 S.W.3d at 510. If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. *Id*. Said another way, a defendant is not entitled to an instruction when the jury is not being asked to decide a disputed issue of historical fact because the jury "cannot be expected to decide whether the totality of certain facts do or do not constitute 'reasonable suspicion' under the law." *Id*. at 511.

A review of the record shows that no material factual dispute existed at the time of the trial court's refusal to submit the requested instruction to the jury. Castle witnessed Appellant's vehicle almost strike Officer Burge and believed that Appellant may have committed the offense of aggravated assault. Sergeant Castle had reasonable suspicion that a crime had been committed, and she stopped Appellant.

4

Appellant argues that there was a factual dispute. Specifically, he argues that Castle testified that he "drove safely and yet also drove in a manner that led her to believe he was committing the offense of aggravated assault." This is similar to the scenario described in *Madden* in which a single witness can create a fact question by giving inconsistent testimony. *Id* at 513–514. But that did not happen here. When Appellant argues that Castle testified he drove "safely," he appears to be referring to Castle's testimony that Appellant was not speeding. This does not create a fact question. Castle testified consistently that Appellant drove down the middle of the road and almost struck a police officer. Appellant did not contest the factual underpinnings of the stop at the suppression hearing, and there were no fact issues for the jury to decide. Rather, the question was whether undisputed facts gave rise to a reasonable suspicion. This was a legal question properly decided by the trial court. *See id.* at 517. As such, the trial court properly denied Appellant's request for an article 38.23 jury instruction. We overrule Appellant's fourth issue.

### DISPOSITION

Having overruled Appellant's first and fourth issues, and having determined it is unnecessary to address his second and third issues, we ***affirm*** the trial court's judgment.

  BRIAN HOYLE  
Justice

Opinion delivered November 26, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5