# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00244-CR

**Michael Anthony Berger, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NO. 9014204, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING**

## O P I N I O N

Appellant, Michael Anthony Berger, appeals his conviction for possession with intent to deliver and possession of a controlled substance. By two points of error, appellant claims that the trial court erred in (1) submitting a question of law for determination by the jury, and (2) entering judgments of conviction for both possession with intent to deliver and possession, claiming a violation of double jeopardy. Both convictions arose from the discovery of 1.05 grams of methamphetamine on appellant=s person. Because appellant failed to preserve error regarding the jury instruction, we will overrule his first point of error. However, because the two convictions arose out of the same transaction and require proof of the same elements, we will vacate the judgment for possession of a controlled substance and affirm the judgment for possession with intent to deliver a controlled substance.

## FACTUAL AND PROCEDURAL BACKGROUND

In response to a 911 call concerning a disturbance at an apartment complex in southwest Austin, Officer William Clark arrived at the scene to discover seventeen-year-old Johnny Galvan locked out of his residence. Galvan told Officer Clark that he lived in the apartment with his aunt[1] and that he had been locked out by friends of his aunt who did not reside in the apartment. Galvan gave Officer Clark consent to enter the apartment. Officers Clark and Tommy Connor, who had responded to the scene as backup, went up to the apartment and knocked on the door. Appellant opened the door and was asked to step outside and speak with the officers. Instead he attempted to close the door as another person in the apartment, appellant=s girlfriend, began shouting that the officers could not come inside. Officer Clark prevented appellant from closing the door, restrained appellant against the wall, and entered the apartment.

Officer Clark ran a warrant check, learned that appellant had an outstanding warrant for his arrest, and arrested him. During a search incident to the arrest, the officer found a small box in appellant=s left rear pocket. The box contained small zip-lock bags, several multi-colored rubber bands, a syringe, and three vials that each contained a white powdery substance. Subsequent testing of the contents of the vials determined each to contain methamphetamine. The aggregate weight was 1.05 grams.

---

[1] It was subsequently adduced that the tenant of the apartment was not Galvan=s aunt but a friend of his mother=s. Galvan lived in the apartment with the tenant.

Appellant was charged under a single indictment containing three paragraphs. Paragraph I charged appellant with possessing with intent to deliver less than four grams of methamphetamine, a second-degree felony. *See* Tex. Health & Safety Code Ann. '' 481.112(c) (West Supp. 2003). Paragraph II charged appellant with possessing less than four grams of methamphetamine, a third-degree felony. *See id.* ' 481.115(c) (West Supp. 2003). Paragraph III charged appellant with being a repeat felony offender. *See* Tex. Pen. Code Ann. '' 12.42(a)(3), (b) (West 2003).[2] The jury found appellant guilty on counts I and II, appellant pleaded true to the enhancement paragraph, and the trial court assessed punishment at twelve years on each count. This appeal followed.

**DISCUSSION**

Appellant argues that the trial court erred in presenting a matter of lawCwhether appellant had been detained prior to searchCto the jury for determination. He argues that because a question of law is one to be decided by the court, it is reversible error to present that question to the jury. While we agree that a question of law should be decided by the court, we disagree with appellant=s contention that there was reversible error in this case.

---

[2] Section 12.42(a)(3) enhances punishment of a third-degree felony to a second-degree felony and section 12.42(b) enhances punishment of a second-degree felony to a first-degree felony if the defendant has once before been convicted of a felony. Tex. Pen. Code Ann. '' 12.42(a)(3), (b) (West 2003).

Preliminary questions regarding the admissibility of evidence must be determined by the court. Tex. R. Evid. 104(a). The decision to exclude evidence may be determined by a ruling of law, a finding of fact, or both. *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000). The trial court admitted, over appellant=s objection, the evidence seized after the arrest.[3] Once the evidence seized from the appellant was admitted, the court had made its decision on the preliminary question of admissibility.

Texas=s exclusionary rule is set out in the first sentence of article 38.23(a) of the code of criminal procedure, which provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2003). Once a trial court has admitted evidence, a defendant may contest the validity of the facts surrounding the obtaining of the evidence. *Pierce*, 32 S.W.3d at 251. If an issue of fact is raised in this manner, the second sentence of article 38.23(a) *requires* a trial court to submit this issue to the jury. [4] This sentence operates only if the trial court has admitted evidence. *Id.*

---

[3] Appellant objected to the introduction of this evidence during the trial. While a hearing to suppress the evidence was never conducted, Athe question of admissibility [can] be raised by an objection when the evidence is offered.@ *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000).

[4] The second sentence of article 38.23(a) reads:

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall

disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a).

The trial court submitted to the jury an instruction requiring them to exclude from their consideration all evidence seized from appellant during the post-arrest search unless they first found, beyond a reasonable doubt, that appellant: (1) was not detained prior to the time information regarding the arrest warrant was received by the officers; or (2) was detained prior to the time the officers received information regarding the arrest warrant, and, at the time of such detention, Officer Clark had reasonable suspicion to believe that the defendant was connected with some criminal activity that had occurred or was occurring; or (3) was detained without reasonable suspicion prior to the time the officers received information regarding the arrest warrant, and the seizure of evidence from appellant, if any, was not obtained as a result of such detention. In response to the *State=s* objection to this instruction, the court replied that it believed that a fact issue had been raised as to whether the defendant had been detained, that the appellant was Aentitled to a charge on reasonable suspicion for such detention, if there was one,@ and there was Aan attenuation of taint@ regarding the evidence. Appellant=s counsel twice told the court that he had no objection to the instruction.

To preserve error, a defendant must distinctly specify each ground of his objection to a jury charge. Tex. Code Crim. Proc. Ann. art. 36.14 (West 1981). Compliance with this rule is mandatory. *See Pennington v. State*, 697 S.W.2d 387, 390 (Tex. Crim. App. 1985) (A[Article 36.14] is mandatory and there must be strict compliance with its provisions to warrant review.@). The only exception to this rule is to be found in article 36.19, which allows for reversal when article 36.14 has been disregarded but Ait appears from the record that the defendant has not had a fair and impartial trial.@ Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981). The Afair and impartial trial@ requirement has been interpreted to mean that

**6**

error is reversible only when the is error is Afundamental@ and has caused Aegregious harm.@ *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

Appellant claims that the instruction denied him due process of law. He argues that submitting the question of detention to the jury was analogous to submitting the question of the voluntariness of a confession, which would violate due process. *See Jackson v. Denno*, 378 U.S. 368, 391 (1964); *Lopez v. State*, 384 S.W.2d 345, 348 (Tex. Crim. App. 1964). AA defendant . . . has a right, entirely apart from guilt or innocence, not to be convicted with illegally obtained evidence.@ *Pierce*, 32 S.W.3d at 253. In situations involving both voluntariness of a confession and illegally obtained evidence, the question of *credibility* is a question of fact properly submitted to the jury. *See Jackson*, 378 U.S. at 386 n.13; *Pierce*, 32 S.W.3d at 253. It does not deny due process for a trial court to submit to the jury, in the manner provided by article 38.23(a), the question of the credibility of evidence once it believes a fact issue has been raised. Appellant attempted throughout the trial to raise an issue regarding whether the evidence had been illegally obtained. Therefore, it was not a violation of due process to submit this question to the jury. Because appellant did not object to the instruction at issue, and because the instruction did not deny him a fair and impartial trial, appellant=s first point of error is overruled.

In his second point of error, appellant argues that he was punished twice for the same offense, violating the guarantee against double jeopardy under the Fifth Amendment of the United States Constitution. He claims that possession of a controlled substance is a lesser-included offense of possession with intent to deliver. He argues that because these two crimes require the prosecution to prove the same

**7**

elements, and because the convictions arose from one transaction, he has been subjected to multiple punishment for one crime. We agree.

The Fifth Amendment guarantee against double jeopardy protects against: (1) a second prosecution for the same offense following conviction; (2) a second prosecution for the same offense following acquittal; and (3) multiple punishments for the same offense. *Illinios v. Vitale*, 447 U.S. 410, 415 (1980); *Cervantes v. State*, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991). When the same act or transaction violates two different penal statutes, the two offenses are the same for double-jeopardy purposes if one of the offenses contains *all* the elements of the other. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Cumulative punishment may be imposed where separate offenses occur in the same transaction, as long as each conviction requires proof of an additional element which the other does not. *Id.*; *Phillips v. State*, 787 S.W.2d 391, 394 (Tex. Crim. App. 1990). Absent indication of contrary legislative intent, it is presumed that the legislature did not intend to authorize multiple punishments for two offenses that are the same under the *Blockburger* test. *Whalen v. United States*, 445 U.S. 684, 691-92 (1980); *Duvall*, 59 S.W.3d at 777.

In Texas, an offense is included within another if, among other things, Ait is established by proof of the same or less than all the facts required to establish the commission of the offense charged.@ Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 1981); *see also Hutchins v. State*, 992 S.W.2d 629, 631 (Tex. App.CAustin 1999, pet. ref=d). The State concedes that possession of a controlled substance is a lesser-included offense of possession with intent to deliver. *See Upchurch v. State*, 23 S.W.3d 536, 538 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d).

8

Appellant was arrested with 1.05 grams of methamphetamine in his pocket. This is the single transaction giving rise to the convictions at issue. While it was permissible to submit both offenses the appellant was charged with to the jury, appellant could not be convicted of both. *See Landers v. State*, 957 S.W.2d 558, 559 (Tex. Crim. App. 1997). Appellant was subjected to multiple punishment for the same criminal transaction in violation of double jeopardy. When there has been an impermissible conviction of a defendant in violation of double jeopardy as in the instant case, the proper remedy is to reform the judgment by vacating the offense with the least serious punishment. *Id.* at 560; *see also Hutchins*, 992 S.W.2d at 632 (citing *Landers* to dismiss a conviction for indecency with a child by exposure and retain a conviction of aggravated sexual assault of a child by penetration); *Price v. State*, 15 S.W.3d 577, 578 (Tex. App.CWaco 2000, pet. ref=d) (dismissing conviction of possession of cocaine and retaining conviction of possession with the intent to deliver cocaine).

Retaining the conviction with the Amost serious punishment@ requires determining which conviction resulted in the longest sentence imposed, with rules of parole eligibility and good time serving as a tie-breaker. *Landers*, 957 S.W.2d at 560. Relying upon how a statute is structured to determine Agreater@ and Alesser@ offenses should not be taken into account to determine which imposes the longest sentence, because Athat structure has no necessary relationship to the seriousness of the offense.@ *Id.* at 560-61 (dismissing greater inclusive offense of theft of property, carrying a sentence of nine months, and retaining lesser included offense of unauthorized use of a motor vehicle, carrying a sentence of sixty-two years). The trial court imposed identical twelve-year sentences for each offense. The parties do not inform us of any differences between the two sentences regarding parole eligibility and good time to serve as a Atie-breaker.@

9

Independent review of the parole eligibility guidelines does not indicate a distinction in parole eligibility for the two offenses in this case. *See* Tex. Gov=t Code Ann. '' 508.145, .149 (West Supp. 2003).

Possession of a controlled substance is a third-degree felony, with a range of punishment of not more than ten years or less than two years. Tex. Pen. Code Ann. ' 12.34(a) (West 1994). Possession of a controlled substance with intent to deliver is a second-degree felony, with a range of punishment of not more than twenty years or less than two years. *Id.* ' 12.33(a). In appellant=s case, the charges were enhanced by a prior felony conviction. *See id.* '' 12.42(a)(3), (b). Possession of a controlled substance was therefore enhanced to a second-degree felony and possession of a controlled substance with intent to deliver was enhanced to a first-degree felony, with a range of punishment of not more than ninety-nine years or less than five years. *Id.* ' 12.32(a). Possession of a controlled substance with intent to deliver is clearly the offense with the broadest range of punishment and of the larger degree. Therefore, we hold that appellant=s conviction for possession of a controlled substance with intent to deliver carries the most serious punishment and his conviction for possession of a controlled substance will be vacated.

## CONCLUSION

The district court rendered two written judgments of conviction, one for each of the two offenses for which appellant was convicted. The judgment of conviction for possession of methamphetamine is reversed and paragraph two of the indictment is dismissed. The judgment of conviction for possession of methamphetamine with intent to deliver is affirmed.

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed in Part; Reversed and Dismissed in Part

Filed:   April 3, 2003

Publish