# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00387-CR
NO. 03-06-00388-CR

**Reginald Shelby, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NOS. D-1-DC-06-200277 & D-1-DC-06-200278,
HONORABLE BRENDA P. KENNEDY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In a bench trial, appellant Reginald Shelby was convicted of the offenses of burglary of a habitation with commission of an assault, felony assault family violence, and aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. §§ 22.01, 22.02(a)(2) (West Supp. 2006), § 30.02(a)(3) (West 2003). Punishment was assessed at 20 years' imprisonment for each offense. In a single point of error, Shelby argues that his convictions for burglary of a habitation with commission of an assault and aggravated assault with a deadly weapon violate double jeopardy. The State agrees. For the reasons stated below, we vacate Shelby's conviction for burglary of a habitation. In all other respects, we affirm the judgment.

## BACKGROUND

The facts of this case are undisputed on appeal. Valerie Williams testified that, on the night of January 15, 2006, she returned home with her friend, Antoine Guice, to find Shelby, her

ex-boyfriend, in her apartment. Although Shelby and Williams had been dating and living together, Williams testified that the two had broken up about one week prior to the night in question. Williams explained that, as she cracked her front door open, she saw Shelby standing behind the door holding a metal rod that she described as a crowbar. Williams testified that Shelby questioned her about who she was with and what she was doing, threatened to hit her with the metal rod, and ran her "out of the house with it." While Shelby was chasing Williams outside, Guice "jumped in the car and shut the door." Guice testified that he attempted to help Williams by trying, unsuccessfully, to run Shelby over with his car.

Williams recounted how, once Shelby caught up with her, he did not hit her with the crowbar but began hitting her in the face with his hands. Williams eventually pushed Shelby away, ran back inside the house, and locked the doors. While Williams was running to the restroom, she heard all of her windows breaking, so she "hid in the restroom and called 911." Police officers responding to the call located and apprehended Shelby as he was running away from the apartment.

On January 31, 2006, in cause number D-1-DC-06-200277, Shelby was indicted for the offense of burglary of a habitation with commission of an assault. On February 27, in cause number D-1-DC-06-200278, Shelby was indicted for two counts of assault. The first count alleged that Shelby assaulted Williams by striking her with his hand. The second count alleged that Shelby committed aggravated assault against Williams by using or exhibiting a deadly weapon during the commission of the assault.

Shelby agreed to be tried for the burglary and assault charges simultaneously. Shelby pleaded not guilty to all three offenses. Following a bench trial, the district court first found Shelby guilty of the offense of burglary of a habitation as alleged in the first indictment. The district court

then found Shelby guilty of the offenses of assault and aggravated assault as alleged in the second indictment.

The case proceeded to sentencing. The district court first sentenced Shelby to 20 years' imprisonment for his burglary-of-a-habitation conviction. The district court then sentenced Shelby to 20 years' imprisonment for each count in the assault indictment. This appeal followed.

## DISCUSSION

In his only point of error, Shelby argues he received multiple punishments for the same offense. Specifically, Shelby complains that his convictions for burglary of a habitation with commission of an assault and aggravated assault with a deadly weapon arose out of the same act and, therefore, are the same offense for double jeopardy purposes.[1] The State agrees.

The Fifth Amendment guarantee against double jeopardy protects against: (1) a second prosecution for the same offense following conviction; (2) a second prosecution for the same offense following acquittal; and (3) multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Lopez v. State*, 108 S.W.3d 293, 295-96 (Tex. Crim. App. 2003); *Berger v. State*, 104 S.W.3d 199, 204-05 (Tex. App.—Austin 2003, no pet.). When the same act or transaction violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other.

---

[1] We note that Shelby made no double jeopardy objection during trial. However, "because of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal . . . when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). The State concedes that both of these requirements are satisfied in this case.

3

*Blockburger v. United States*, 284 U.S. 299, 304 (1932). Cumulative punishment may be imposed where separate offenses occur in the same transaction, as long as each conviction requires proof of an additional element which the other does not. *Id*.; *Phillips v. State*, 787 S.W.2d 391, 394 (Tex. Crim. App. 1990). Absent indication of contrary legislative intent, it is presumed that the legislature did not intend to authorize multiple punishments for two offenses that are the same under the *Blockburger* test. *Whalen v. United States*, 445 U.S. 684, 691-92 (1980); *Duvall v. State*, 59 S.W.3d 773, 780 (Tex. App.—Austin 2001, pet. ref'd).

The court of criminal appeals has explained that a claim alleging multiple punishments for the same offense can arise in two contexts:

> (1) the lesser-included offense context, in which the same conduct is punished twice; once for the basic conduct, and a second time for that same conduct plus more (for example, attempted assault of Y and assault of Y; assault of X and aggravated assault of X); and

> (2) punishing the same criminal act twice under two distinct statutes when the legislature intended the conduct to be punished only once (for example, causing a single death by committing both intoxication manslaughter and involuntary manslaughter).

*Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006) (internal footnotes omitted).

We first note that there is no double jeopardy violation clearly apparent on the face of the record regarding Shelby's convictions for both assault and aggravated assault. In fact, both counts of the assault indictment alleged different conduct. The assault allegation arose from conduct that occurred outside the apartment—Shelby striking Williams with his hand. The aggravated assault allegation, on the other hand, arose from conduct that occurred inside the apartment—Shelby threatening Williams with a metal rod.

4

However, we conclude that a double jeopardy violation clearly occurred when Shelby was convicted of both burglary of a habitation with commission of an assault and aggravated assault. The court of criminal appeals has addressed this very issue:

> When a defendant is convicted of both burglary and a separate felony committed during that burglary, a *Blockberger* multiple-punishment analysis depends on the type of burglary charged. It is well-settled that a defendant may not be punished for both the underlying felony and burglary if the burglary allegation is that the defendant entered a home without the consent of the owner and then committed the underlying felony within the home as defined in § 30.02(a)(3). Thus, the State may obtain either a burglary or the underlying felony (or theft or assault) conviction if it alleges a burglary under Section 30.02(a)(3) of the Penal Code, but not both. Under *Blockburger*, burglary under Section 30.02(a)(3) requires proof of a fact that the felony charge does not, namely, entry without consent. However, to prove the burglary charge, the State must prove all of the elements of the underlying felony. Thus, the felony offense would not require proof of an additional element that the burglary offense does not also require.

*Id*. at 686 (internal footnote omitted).

Shelby was convicted of burglary of a habitation with commission of an assault pursuant to section 30.02(a)(3). Thus, he could not also be convicted of the underlying assault that formed the basis for the burglary conviction. As explained above, although Shelby was convicted of two separate assaults, the proof at trial established that Shelby committed only one assault inside the apartment that he burglarized—threatening Williams with a metal rod. This was the conduct that formed the basis for the aggravated assault conviction. Accordingly, we hold that Shelby's convictions for both burglary of a habitation with commission of an assault and aggravated assault with a deadly weapon violate double jeopardy.

When two convictions violate double jeopardy, we must retain the conviction for the most serious offense and set the other aside. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006). The most serious offense is the conviction for which the greatest sentence was assessed.

5

*Id*. at 337-39. In this case, however, the sentences are identical: Shelby was sentenced to 20 years' imprisonment for each offense. Restitution, a possible tie-breaker recognized in *Cavazos*, was ordered for neither offense. However, the district court entered an affirmative finding of use of a deadly weapon in the judgment of conviction for aggravated assault, but not in the judgment of conviction for burglary of a habitation. In a recent case involving a double jeopardy violation where the sentences imposed were identical and no restitution was ordered, the court of criminal appeals used an affirmative deadly weapon finding in the judgment of one of the convictions as a tie-breaker under the most serious offense test. *See Villanueva v. State*, Nos. PD-0718-06 & 0719-06, 2007 Tex. Crim. App. LEXIS 866, at *13-14 (Tex. Crim. App. June 27, 2007). The court did not elaborate on its rationale, stating only that "[u]nder these circumstances" the conviction with the affirmative deadly weapon finding should be retained. *Id*. In her dissent, Presiding Judge Keller suggested that the majority had adopted the position of her concurrence in *Cavazos* that parole consequences should remain available as a tie-breaker when the punishment is otherwise identical. *Id*. at *25-26 n.1 (Keller, P.J., dissenting); *see Cavazos*, 203 S.W.3d 333, 340 (Tex. Crim. App. 2006) (Keller, P.J., concurring) ("Perhaps parole and good time consequences should not be the *first* tie-breaker, but it should be an available tie-breaker when the punishment is otherwise identical."); *cf. Cavazos*, 203 S.W.3d at 337-38 ("To the extent that *Landers* holds that other factors, such as the degree of the felony, range of punishment, and rules governing parole eligibility and awarding of good-conduct time, shall be used in that determination [of the "most serious" offense], it is overruled."). If parole eligibility is the relevant criterion here, we note that the parties agree that the aggravated assault conviction will result in a longer jail term because of the deadly weapon finding in the assault conviction.

Whatever its precise rationale, we conclude that *Villanueva* requires us to retain the aggravated assault with a deadly weapon conviction and vacate the conviction for burglary of a habitation. We sustain Shelby's point of error.

**CONCLUSION**

The district court rendered three written judgments of conviction, one for each of the three offenses for which Shelby was convicted. The judgment of conviction for burglary of a habitation is vacated. The judgments of conviction for aggravated assault and felony assault family violence are affirmed.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed in part; Vacated in part

Filed:   July 27, 2007

Do Not Publish