

NUMBER 13-13-00326-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**TALAL NIMER EL HAJ,**                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

**On appeal from the 389th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellant, Talal Nimer el Haj, appeals his convictions of three counts of attempted murder, a second-degree felony, of Mariam El Haj, Patricia Filosa El Haj, and Fabian Doty, and one count of attempted capital murder, a first-degree felony. *See* TEX. PENAL CODE ANN. §§ 15.01, 19.02, 19.03 (West, Westlaw through 2013 3d C.S.). Appellant was

sentenced to twenty years' confinement for each count of attempted murder, and thirty years' confinement for the attempted capital murder offense. The sentences are to run concurrently. By four issues, appellant contends that the judgment is in violation of double jeopardy, a video admitted during his trial was inadmissible pursuant to rule of evidence 608(b), the trial court failed to sua sponte include a jury instruction regarding a lesser-included offense, and his counsel rendered ineffective assistance. We vacate in part, modify the judgment, and affirm as modified.

## I. DOUBLE JEOPARDY

By his first issue, appellant complains that the one conviction of attempted capital murder[1] and the three convictions of attempted murder against the same victims violates his right against double jeopardy. The State concedes that a double jeopardy violation has occurred; however, the State disagrees with appellant's suggestion that he is entitled to vacatur of the attempted capital murder charge. The State argues that we must vacate the attempted murder charges.

It is well-settled that pursuant to the Fifth Amendment, multiple punishments for the same offense violate double jeopardy principles. *Whalen v. United States*, 445 U.S. 684, 688 (1980) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)); *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010); *see* U.S. CONST. amends V, XIV. Two offenses may be the same if one offense stands in relation to the other as a lesser-included offense. *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008).

---

[1] "[I]n order to violate Section 19.03(a)(7)(A) and be subject to capital punishment, a defendant must kill 'more than one person.' Unlike other violent offenses, for which the allowable unit of prosecution is each individual victim, [] the capital murder statute under subsection (a)(7)(A) requires, at minimum, two victims. Thus, an accused may not be charged under the capital murder statute absent 'more than one' homicide." *Saenz v. State*, 166 S.W.3d 270, 272 (Tex. Crim. App. 2005) (internal citations omitted).

A person attempts to commit a crime "if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE ANN. § 15.01 (West, Westlaw through 2013 3d C.S.). A person commits murder if he "intentionally or knowingly causes the death of an individual." *Id.* § 19.02. A person commits capital murder if he "intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, obstruction or retaliation, or terroristic threat under Section 22.07(a)(1), (3), (4), (5), or (6)." *Id.* § 19.03. Thus, in this case, attempted murder was a lesser-included offense of attempted capital murder because it could be established by proof of the same or less than all the facts required to establish the commission of attempted capital murder. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West, Westlaw through 2013 3d C.S.); *see also Young v. State*, 283 S.W.3d 854, 875–76 (Tex. Crim. App. 2009) (noting that the Texas Court of Criminal Appeals has long held that murder is lesser-included offense of capital murder); *Berger v. State*, 104 S.W.3d 199, 205 (Tex. App.—Austin 2003, no pet.) ("When the same act or transaction violates two different penal statutes, the two offenses are the same for double-jeopardy purposes if one of the offenses contains all the elements of the other.").

The jury convicted appellant of three counts of attempted murder of Mariam El Haj, Patricia Filosa El Haj, and Fabian Doty. The jury also convicted appellant of one count of attempted capital murder of Mariam El Haj, Patricia Filosa El Haj, and Fabian Doty. Accordingly, we agree with appellant and the State that appellant was subjected to multiple punishments for the same offense in this case. Therefore, we sustain appellant's first issue to the extent that he argues that he has been subjected to double jeopardy.

3

Next, appellant argues that the most serious offenses in this case are the three counts of attempted murder because the greater sentence was imposed for those three counts when you add the 20-year sentences together. We disagree.

The remedy for a violation of double jeopardy due to multiple punishments for the same conduct is to affirm the conviction for the most serious offense and vacate the other convictions. *Bigon v. State*, 252 S.W.3d 360, 372–73 (Tex. Crim. App. 2008). "We apply the 'most serious offense' test to double-jeopardy violations . . . ." *Id.* The most serious offense is the offense for which the greatest sentence has been assessed. *Id.*

Here, appellant received twenty years' confinement for each of the attempted murder counts and thirty years' for the attempted capital murder count. Thus, the more serious offense in this case is the attempted capital murder charge because it is the offense in which the greatest sentence has been assessed. *See id.* We sustain appellant's first issue to the extent that he contends that a double jeopardy violation has occurred. However, we overrule appellant's first issue to the extent that he requests that we vacate the attempted capital murder conviction. And instead, we vacate the three attempted murder convictions.

## II.   ADMISSION OF VIDEO

By his second issue, appellant contends that the trial court abused its discretion by admitting a sexually explicit video of him at the punishment phase of his trial. Specifically, appellant argues that the video was inadmissible pursuant to rule of evidence 608(b).[2] The State responds that article 37.07 section 3(a)(1) allows the trial court to

---

[2] Rule 608(b) states that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence." TEX. R. EVID.

admit evidence of the defendant's character during the sentencing phase of a trial, and that is what occurred in this case.[3]

When the State offered the complained-of video while cross-examining appellant during the punishment phase of the trial, appellant's trial counsel stated, "Your Honor, at this time, I'm going to raise the same objections, Your Honor, that I had during the pre-trial hearings. And—just for the record, Your Honor." Appellant has not cited to any portion of the record wherein he objected to the video on the basis of rule 608(b).[4] However, the State cites to portions of a pre-trial hearing wherein appellant objected to the video being presented to the jury on the basis that the video was highly prejudicial and not relevant to the case. We have reviewed every pre-trial hearing held by the trial court, and we have not found that appellant made any objections to the video on the basis of rule 608(b). Thus, appellant's argument on appeal does not comport with his argument to the trial court. *See* TEX. R. APP. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("The point of error on appeal must comport with the objection made at trial."); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) ("The legal basis

---

608(b).

[3] Article 37.07 section 3(a)(1) states, in pertinent part:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07(a)(1) (West, Westlaw through 2013 3d C.S.).

[4] The reporter's record in this case is voluminous, encompassing one thousand pages.

of a complaint raised on appeal cannot vary from that raised at trial"); *Perry v. State*, 367 S.W.3d 690, 694 (Tex. App.—Texarkana 2012, no pet.) (explaining that when "complaint made on appeal does not comport with the complaint made at trial," the issue is waived). Accordingly, appellant's 608(b) argument is not preserved for our review. We overrule appellant's second issue.

### III. LESSER-INCLUDED OFFENSE INSTRUCTION

By his third issue, appellant contends that the trial court should have sua sponte given the jury an instruction regarding the lesser-included offense of deadly conduct in its charge.[5] The State responds that appellant did not request such an instruction and affirmatively stated to the trial court that he did not want the instruction. The State argues that a trial court is not required to sua sponte provide a lesser-included instruction and need not "rescue the party from its strategic choice." We agree with the State.

The issue in this case is not whether the trial court *should have* provided the instruction. The issue in this case is whether the trial court had a duty to sua sponte include this instruction in the jury charge even when appellant stated he did not want such an instruction. As the court of criminal appeals has recognized, although a trial court has a "sua sponte duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged," it does not follow that the trial court has a sua sponte duty to instruct the jury on all potential defensive issues, lesser-included offenses, or evidentiary issues. *Tolbert v. State*, 306 S.W.3d 776, 780 (Tex. Crim. App. 2010) (citing *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)). "These are issues that

---

[5] Appellant concedes in his brief that not requesting the lesser-included offense instruction constituted trial strategy.

frequently depend upon trial strategy and tactics." *Id.* (citing *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998) (providing that a "defensive issue" is not "applicable to the case" unless the defendant "timely requests the issue or objects to the omission of the issue in the jury charge"); *Druery v. State*, 225 S.W.3d 491, 512–13 (Tex. Crim. App. 2007) (Keller, P.J., concurring) (explaining that "a lesser-included offense instruction is a kind of defensive issue")). In *Tolbert*, the court of criminal appeals stated the following:

> Because of the strategic nature of the decision, it is appropriate for the trial court to defer to the implied strategic decisions of the parties by refraining from submitting lesser offense instructions without a party's request. It is clear that the defense may not claim error successfully on appeal due to the omission of a lesser included offense if the defense refrained from requesting one. Likewise, any error in the improper submission of a lesser included instruction is waived if the defense fails to object to the instruction.

*Id.* at 781 (citation omitted). The *Tolbert* court then held that "the trial court had no duty to sua sponte instruct the jury on the lesser-included offense of murder and that a jury instruction on this lesser-included offense was not 'applicable to the case' absent a request by the defense for its inclusion in the jury charge." *Id.*

Here, appellant did not request an instruction regarding the lesser-included offense of deadly conduct. In addition, at a hearing outside the presence of the jury, appellant's trial counsel agreed with the trial court that it was his strategy not to request a lesser-included offense instruction and that he had explained his strategy to appellant. Furthermore, when the trial court asked appellant's trial counsel whether either party had any objections to the jury charge, he stated, "No objection, Your Honor from the defense."

Not requesting a lesser-included offense instruction has been described by the court of criminal appeals as an "'all or nothing' strategy of going for an outright acquittal." *Id.* "That this strategy proved unsuccessful does not make a lesser-included-offense

7

instruction . . . 'applicable to the case' requiring a decision that the trial court was required to sua sponte provide this instruction that the record clearly reflects appellant did not want." *Id.* (citing *Haynes v. State*, 273 S.W.3d 183, 191 (Tex. Crim. App. 2008) (Johnson, J., concurring) ("Regardless of which side chooses to 'go for broke,' it may be a valid strategic choice from which neither side should be rescued.")). Because appellant did not request an instruction on the lesser-included offense of deadly conduct and did not object to the jury charge as presented, we conclude that the trial court did not commit error when it did not sua sponte include a jury instruction regarding the lesser-included offense of deadly conduct. *See id.* We overrule appellant's third issue.[6]

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

By his fourth issue, appellant contends that his trial counsel rendered ineffective assistance by failing to request a jury instruction pursuant to section 6.01(a) of the penal code which prevents culpability if conduct is not a voluntary act. *See* TEX. PENAL CODE ANN. § 6.01(a) ("A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession."). Specifically, appellant argues that the gun discharged during a physical struggle.[7]

---

[6] In *Tolbert*, the court of criminal appeals held that the appellant could not be "rescued" from her "all or nothing" trial strategy even when the State had requested the lesser-included offense, and the trial court denied that request. *Tolbert v. State*, 306 S.W.3d 776, 782 (Tex. Crim. App. 2010). The court further noted that had the trial court sua sponte instructed the jury on the lesser-included offense, the appellant would have argued the opposite. *Id.* at 782 n.11 ("It, therefore, appears that appellant could complain on appeal no matter what the trial court did unless, of course, appellant's "all or nothing" strategy resulted in the jury acquitting her of the greater offense. Our decision in *Posey* was meant to discourage this type of gamesmanship by requiring a party to request inclusion of defensive-type issues in the jury charge before that party may complain on appeal about their absence in the charge.") (citing *Posey v. State*, 966 S.W.2d 57, 63 (Tex. Crim. App. 1998) (en banc)).

[7] Appellant has not cited to the specific portions of the witnesses' testimony wherein he believes the evidence established an involuntariness defense. Instead, he cites volumes twelve through fourteen of the reporter's record generally. *See* TEX. R. APP. P. 38.1(h), (i).

8

**A.  Standard of Review and Applicable Law**

Ineffective assistance of counsel claims are evaluated under the two-part test articulated by the Supreme Court in *Strickland v. Washington*.  *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  The *Strickland* test requires the appellant to show that counsel's performance was deficient, or in other words, that counsel's assistance fell below an objective standard of reasonableness.  *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 687.  Assuming appellant has demonstrated deficient assistance, he must then show that there is a reasonable probability that, but for counsel's errors, the result would have been different.  *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694.  In determining the validity of appellant's claim of ineffective assistance of counsel, "any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813.

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence.  *Id.*  Appellant must overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy.  *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.).  A reviewing court will not second-guess legitimate tactical decisions made by trial counsel.  *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's

performance was constitutionally adequate . . . ."). Trial counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851. An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 (setting out that "in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*"); *see Jackson v. State*, 877 S.W.2d 768, 771–72 (Tex. Crim. App. 1994) (en banc) (stating that "we must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he made all significant decisions in the exercise of reasonable professional judgment" and that "[d]ue to the lack of evidence in the record concerning trial counsel's reasons" for the alleged ineffectiveness, the court was "unable to conclude that appellant's trial counsel's performance was deficient") (internal quotations omitted)).

## B.    Analysis

Here, the record is silent regarding trial counsel's reason for not requesting an instruction pursuant to section 6.01(a).[8] Therefore, appellant has not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See*

---

[8] The trial court instructed the jury on the lesser-included offense of aggravated assault with a deadly weapon. *See Dannhaus v. State*, 928 S.W.2d 81, 87 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (recognizing that in light of the strong evidence of guilt, counsel's strategy was apparently to seek a conviction of a lesser offense requiring a lesser culpable mental state rather than requesting a voluntary act instruction and stating "Given this approach, it could have been more effective to focus the jury's attention on lack of mental state than to risk confusing the jury with instructions on other issues that were not well supported by the evidence.").

*Thompson*, 9 S.W.3d at 814 ("Indeed in a case such as this, where the alleged derelictions primarily are errors of omission de hors the record rather than commission revealed in the trial record, collateral attack may be the vehicle by which a thorough and detailed examination of alleged ineffectiveness may be developed and spread upon a record.") (citing *Jackson*, 973 S.W.2d at 957); *see also Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851; *Dannhaus v. State*, 928 S.W.2d 81, 87 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (explaining that a defense counsel's "choice to focus on culpable mental state rather than self-defense, mistake of fact, or voluntariness cannot be said to fall below an unreasonable standard, especially where the evidence to support the other theories was not strong, and where he had explained to the jury in voir dire and closing argument that his case was centered on the State's failure to show intent."). We overrule appellant's fourth issue.

## V. CONCLUSION

Because they violate the Double Jeopardy Clause of the Fifth Amendment, we vacate the convictions for three counts of attempted murder and modify the trial court's judgment to so reflect. As modified, the judgment of the trial court is affirmed.

**/s/ Rogelio Valdez**
Rogelio Valdez
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of August, 2014.

11