

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00410-CR

James Cornelious **SCOTT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR7104
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: April 24, 2024

VACATED IN PART; AFFIRMED IN PART

Following a bench trial, appellant James Cornelious Scott was convicted of one count of possession of a controlled substance in an amount of 4 grams or more but less than 200 grams, and one count of possession with intent to deliver a controlled substance in an amount of 4 grams or more but less than 200 grams. During the punishment phase, defense counsel stated Scott intended to change his plea on the habitual offender enhancement from "not true" to "true." The trial court found the habitual offender enhancement true and assessed punishment at twenty-five years' imprisonment for each count to run concurrently. In his sole issue on appeal, Scott argues there is

insufficient evidence to support the enhancement allegation because counsel only stated Scott "intend[ed]" to change his plea to "true"; however, Scott argues he did not actually change his enhancement plea.

Although not briefed by Scott, the State points out that double jeopardy bars conviction of both possession and possession with intent to deliver when the two charges arise from the same transaction and involve the same controlled substances. We agree double jeopardy bars the conviction for possession of a controlled substance under the facts of this case. Therefore, we vacate the judgment of conviction for possession of a controlled substance, and we affirm the judgment of conviction for possession of a controlled substance with the intent to deliver.

## BACKGROUND

San Antonio Police Department ("SAPD") Officer Joseph Warren initiated a traffic stop and pulled Scott over after he observed two traffic violations. When he approached Scott, Officer Warren smelled marihuana and observed marihuana in Scott's lap. Officer Warren searched Scott's vehicle and found several drugs in the vehicle, including what was ultimately determined to be methamphetamine in little baggies. Officer Warren also found cash, a scale, and empty baggies in the trunk of the vehicle. A grand jury indicted Scott for possession of a controlled substance with intent to deliver and simple possession of a controlled substance. The indictment further alleged Scott was a habitual offender.

The case was tried to the bench and the trial court found Scott guilty of both counts. During the punishment phase, defense counsel stated: "Mr. Scott intends to change his plea on the enhancement paragraphs from not true to true, so we won't need to present the witnesses to the [c]ourt." The State responded: "With the defendant pleading true to his priors, we have no witnesses." Subsequently, the following exchange took place:

| | |
|---|---|
| State: | We would ask, Judge, that you find the defendant's enhancements true on the record. |
| Trial Court: | Yes. |
| Defense Counsel: | Yeah. I had told you he changed his plea, but I don't think the Court actually took that plea. |
| Trial Court: | Right. Okay. The Court finds the enhancement allegations to be true; therefore, he's required to be punished under the habitual enhancement, and the minimum—the statutory minimum under these circumstances is 25 years in the penitentiary. |
| | Mr. Scott—well, I'll ask first, [Defense Counsel], is there any legal reason why the [c]ourt cannot proceed to assess punishment today? |
| Defense Counsel: | There is not, Your Honor. |
| Trial Court: | Thank you. Mr. Scott, is there anything you want to say to this [c]ourt before I assess punishment? |
| Defendant: | Sir, the only thing I wanted to say was the only reason why I went to trial is because I truly did not have any knowledge of anything that was in that car illegal. |

The trial court then assessed punishment at twenty-five years' imprisonment and a zero dollar fine. Scott appeals.

## PLEA

In his sole issue, Scott argues there was insufficient evidence to support the trial court's true finding on the habitual offender enhancement. Specifically, Scott argues counsel's assertion that Scott "intends" to change his plea to "true," without more, did not constitute a "true" plea.

"A plea of 'true' will satisfy the State's burden of proving an enhancement allegation, but there must be affirmative evidence in the record showing that the defendant entered a plea of 'true.'" *Wood v. State*, 486 S.W.3d 583, 587–88 (Tex. Crim. App. 2016). A plea of true to enhancement allegations may be entered by counsel on defendant's behalf. *See Tindel v. State*, 830 S.W.2d 135, 137 (Tex. Crim. App. 1992); *Johnson v. State*, No. 02-22-00195-CR, 2023 WL 2805903, at *1 (Tex. App.—Fort Worth Apr. 6, 2023, no pet.) (mem op., not designated for

publication); *Legget v. State*, No. 05-16-00923-CR, 2017 WL 1149672, at *2–3 (Tex. App.—Dallas Mar. 28, 2017, no pet.) (mem. op., not designated for publication). In *Tindel*, the Court of Criminal Appeals held the record was "sufficient to show that appellant pled 'true' to the enhancement allegations" because: (1) he was present in open court when the State read the enhancement allegation and the trial court asked for the plea; (2) his counsel had authority to act on his behalf and respond to the trial court's inquires; and (3) there was no objection when the trial court noted that appellant had pled "true" to the enhancement. *Tindel*, 830 S.W.2d at 137.

Scott contends *Tindel* is distinguishable from the case at bar because he initially entered a plea of "not true" at the beginning of the merits phase of the trial and his counsel changed his plea to "true" at the beginning of the punishment phase. Scott argues his counsel's representation that Scott intends to change his plea to "true" does not supersede his initial plea of "not true." We disagree.

Here, Scott was present when counsel represented that Scott desired to change his plea from "not true" to "true" on the habitual offender enhancement. Defense counsel had authority to act on Scott's behalf and at the outset of the punishment trial defense counsel informed the trial court and the State there would be no need for witnesses because Scott was changing his plea. The State asked the trial court to find the enhancement true on the record, which the trial court did. At no point did Scott object to the trial court's finding. The trial court went on to inform Scott that, based on the true finding, Scott was subject to a statutory twenty-five-year sentence. Further, the trial court gave Scott an opportunity to address the court before it assessed punishment. While Scott did maintain he was innocent of the possession charges, he did not object to, or even speak of, the "true" plea on his prior convictions. Under the facts of this case, we conclude defense counsel entered a "true" plea to the habitual offender enhancement on Scott's behalf. Because counsel may enter a true plea on behalf of his client, and a true plea is sufficient to support an

enhancement finding, we hold the evidence is sufficient to support the trial court's finding that the habitual offender enhancement was true. *See Wood*, 486 S.W.3d at 587–88; *see also Tindel*, 830 S.W.2d at 137.

Accordingly, Scott's sole issue is overruled.

## DOUBLE JEOPARDY

In its brief, the State points out that the charge for simple possession was a lesser-included offense of the possession with intent to deliver offense. Because conviction under both counts results in multiple punishments for the same offense, the State requests we vacate the conviction for the simple possession offense.

"Because double jeopardy concerns affect fundamental, constitutional rights, they may be raised for the first time on appeal, or even for the first time on collateral attack[,] when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Sledge v. State*, 666 S.W.3d 592, 599 (Tex. Crim. App. 2023) (internal quotation marks omitted). The Court of Criminal Appeals has held that when a defendant appeals his conviction, invoking the appellate court's jurisdiction, "the State was not required to file a notice of appeal before it could point out appellant's illegal sentence to the court of appeals." *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012) (citing *Mizell v. State*, 119 S.W.3d 804, 807 (Tex. Crim. App. 2003)). Thus, "a proper notice of appeal in a criminal case confers jurisdiction upon a court of appeals, and that court then has the authority to address any issue or claim pertinent to the judgment or order appealed from unless otherwise restricted by statute." *Pfeiffer*, 363 S.W.3d at 599; *see also Steels v. State*, 170 S.W.3d 765, 767–69 (Tex. App.—Waco 2005, no pet.) (addressing, in the interest of justice, a double jeopardy claim that was not raised on appeal because the error was clearly apparent on the face of the record and enforcement of the usual rules of

procedural default served no legitimate state interest). Because the undisputed facts show the double jeopardy violation here is apparent from the face of the record, and the State concedes no legitimate state interest is served by enforcement of the usual rules of procedural default, we will review the double jeopardy issue. *See Sledge*, 666 S.W.3d at 599.

"Under principles of double jeopardy, no person may be 'subject for the same offence to be twice put in jeopardy of life or limb.'" *Id.* (quoting U.S. CONST. amend. V). The Fifth Amendment Double Jeopardy Clause offers protection against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Sledge*, 666 S.W.3d at 599. "A claim of multiple punishments may be valid if one offense is a lesser-included offense of the other and the same conduct is punished twice or if the same criminal act is punished under two distinct statutes when the legislature intended the conduct to be punished under either statute, but not both." *Weinn v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010). An offense is a lesser-included offense if, among other things, it is established by proof of the same or less than all the facts required to establish the commission of another offense charged. TEX. CODE CRIM. PROC. ANN. art. 37.09(1); *Berger v. State*, 104 S.W.3d 199, 205 (Tex. App.—Austin 2003, no pet.).

Here, the State concedes the simple possession charge is a lesser-included offense of possession with intent to deliver because both charges arise from Scott's possession of one quantity of methamphetamine. *See Weinn*, 326 S.W.3d at 194 (holding a single act of simultaneous manufacture and resulting possession with intent to deliver with respect to a single quantity of a controlled substance constitutes a single violation); *Berger*, 104 S.W.3d at 205. The State further concedes punishment for both offenses arising from the same criminal transaction—possession of the methamphetamines—is barred by double jeopardy. *See Berger*, 104 S.W.3d at 205. We agree.

"When a defendant is convicted in a single criminal trial of two offenses that are considered the same for double jeopardy purposes, the remedy is to vacate one of the convictions." *Bien v. State*, 550 S.W.3d 180, 188 (Tex. Crim. App. 2018). When deciding which conviction should be vacated, the Court of Criminal Appeals has instructed that the most serious offense should be retained. *Id.* "The most serious offense is the offense of conviction for which the greatest sentence was assessed." *Id.* (internal quotation marks omitted). If the sentences are the same for both convictions, the Court of Criminal Appeals has indicated the prosecutor should be given the opportunity to elect which conviction is retained. *Id.* at 188–89.

Here, the trial court assessed the same punishment for both convictions; therefore, the prosecutor may elect which conviction should be retained. *Id.* The State has requested that the conviction for Count I—possession, with intent to deliver, of a controlled substance in an amount 4 grams or more but less than 200 grams—be retained. Accordingly, we vacate the trial court's judgment on Count II—possession of a controlled substance in an amount 4 grams or more but less than 200 grams.

## CONCLUSION

We vacate the trial court's judgment of conviction on Count II of the indictment for possession of a controlled substance in an amount of 4 grams or more but less than 200 grams. We affirm the trial court's judgment of conviction on Count I of the indictment for possession with intent to deliver a controlled substance in an amount of 4 grams or more but less than 200 grams.

Irene Rios, Justice

Do not publish