**Opinion issued December 8, 2015**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-14-00833-CR

———————————

**OLIVER JAMAULL CRUISE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1422952**

---

### MEMORANDUM OPINION

A jury found Oliver Cruise guilty of possession of cocaine weighing more than one gram and less than four grams, and the trial court assessed his punishment at eight years' imprisonment. On appeal, Cruise contends that the trial court

abused its discretion in denying his request for an Article 38.23 instruction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). Finding no error, we affirm.

## Background

Houston police officers Samuel Aguilera and Meghan Schromer were on patrol in southeast Houston, driving on the Gulf Freeway feeder road. Officer Aguilera observed a man, later identified as Cruise, walking through a parking lot and looking into the parked cars. Believing that Cruise might be looking for valuables to steal, Officer Aguilera pulled up his patrol car behind Cruise. Officer Aguilera exited his patrol car and asked Cruise to show identification. When asked if he had anything illegal, Cruise responded, "Yeah, maybe." The officers handcuffed and searched Cruise. They found a bag of white powder in his front left pocket. After verifying that the powder was cocaine, the officers arrested Cruise.

Cruise moved to suppress the fruits of the stop, alleging that the officers lacked reasonable suspicion to detain and search him. At the suppression hearing, Cruise testified that he was in the parking lot to place flyers on the windshields of cars promoting a night club where he sometimes worked. Officer Aguilera acknowledged on cross-examination that Cruise was in possession of some flyers at the time of his arrest. Cruise further testified that he was looking for his brother's car, and he denied that he was peering into other cars.

The trial court denied the motion to suppress, and the case proceeded to trial. At trial, Cruise's counsel cross-examined the officers about the bases for Cruise's detention. Cruise, however, did not testify. At the conclusion of the evidence, Cruise requested a jury instruction asking whether the officers had a reasonable suspicion to detain him, arguing that he was entitled to such an instruction under Article 38.23 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). The court refused the requested instruction.

## Discussion

### A. Standard of Review and Applicable Law

Cruise contends that the trial court erred by refusing his request for an article 38.23 jury instruction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23. In analyzing a jury-charge issue, we first determine whether error exists. *See Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984) (op. on reh'g); *Tottenham v. State*, 285 S.W.3d 19, 30 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). If we find error, then we consider whether the error was harmful under the appropriate standard. *Tottenham*, 285 S.W.3d at 30; *see also Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008) ("The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal.").

If a fact issue exists concerning whether evidence was unlawfully obtained, then a trial court must instruct the jury that if it believes that the evidence was obtained in violation of article 38.23, then it should disregard the evidence so obtained. *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000). The evidence (1) must raise an issue of fact; (2) must be affirmatively contested; and (3) must be material to the lawfulness of the challenged conduct. *Madden*, 242 S.W.3d at 510. The defendant must request a jury instruction on a specific historical fact to obtain one. *Id.* at 511. Whether reasonable suspicion existed to detain the defendant is an issue of law, not of fact. *See id.* "[I]f other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact . . . is not material to the ultimate admissibility of the evidence." *Id.* at 510. In other words, "[t]he disputed fact must be an essential one in deciding the lawfulness of the challenged conduct." *Id.* at 511.

## B.   Analysis

Cruise disputes whether the officers saw him looking into cars before they stopped him; if they did not, he further contends, they lacked reasonable suspicion to detain him. Cruise's proposed instruction to the trial court, however, does not ask the jury to determine a fact issue about the officers' surveillance activity, but instead asks the jury whether reasonable suspicion existed to justify his detention:

4

"[I]f you find from the evidence that on the occasion in question the officer did not have reasonable suspicion . . . then you will not consider such evidence for any purpose whatsoever . . . ." Because this determination is a question of law, and not one that asks the jury to determine a disputed issue of fact, the trial court properly denied the requested instruction. *Madden*, 242 S.W.3d at 510–511.

Even had the request focused on the officers' conduct, the evidence presented at trial on this matter was undisputed. Officer Aguilera testified that as he was passing by on the feeder road, he saw Cruise peering into parked cars in a way that suggested that he was "casing" them for a burglary. Cruise questions the plausibility of this testimony, as he did when cross-examining Officer Aguilera. Cross-examination alone, however, does not create a fact issue for Article 38.23 purposes when the testimony at issue is otherwise undisputed. *Madden*, 242 S.W.3d at 513–14; *Garza v. State*, 126 S.W.3d 79, 86–87 (Tex. Crim. App. 2004). The only other witnesses who testified in the presence of the jury were Officer Schromer and the crime lab analyst who identified the cocaine. Neither contradicted Officer Aguilera's testimony. Although Cruise testified at the suppression hearing, he did not testify at trial. Testimony heard outside the presence of the jury does not create a fact issue for the jury to decide. *See Madden*, 242 S.W.3d at 510 (holding that Article 38.23(a) instruction requires fact issue based on evidence heard by the jury); *Ackenback v. State,* 794 S.W.2d 567, 574

5

(Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (finding no error in trial court's refusal to submit Article 38.23 charge where affidavit testimony defendant relied upon "to create a factual issue did not come before the jury"). Accordingly, we hold that the trial court did not err in refusing to submit the requested instruction.

## Conclusion

Because the trial court did not err in denying Cruise's request for an article 38.23 jury instruction, we affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. *See* TEX. R. APP. P. 47.2(b).